12655

SOUTH CAROLINA NAT. BANK v. MUTUAL INV. CO. *ET AL.*

(148 S. E., 213)

*Messrs. Melton & Belser,* for appellant,

*Messrs. F. Ehrlich Thomson,* and *R. B. Herbert,* for respondents,

May 18, 1929.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order of his Honor, Judge Mann, refusing a motion by Netta L. Melton, executrix of the will of W. D. Melton, deceased, for an order requiring the plaintiff to make the complaint more definite and certain, by separately stating the several causes of action therein.

The complaint alleges the following facts, stated in narrative form, omitting the formal allegations:

At some time not stated in the record, but prior to January 1, 1924, the Columbia Savings Bank & Trust Company was appointed trustee under the will of Edward Ehrlich, and had for years acted as such trustee in investing and reinvesting the funds of the said estate.

On January 15, 1920, the Mutual Company executed to the Columbia Savings Bank & Trust Company, as trustee, its four several bonds and mortgages for $3,700, $4,300, $3,700, and $4,300, each payable on January 1, 1924, with certain stated interest. Each mortgage covered a separate lot in Elmwood Park.

After the maturity of the bonds and mortgages given by the Mutual Investment Company as stated, and after the property mortgaged had greatly depreciated in value, and after the mortgagor had for seven months ceased to pay the interest thereon, the Columbia Savings Bank & Trust Company invested $11,800 of the corpus of the estate of Edward

Ehrlich in said bonds and mortgages, at a time when the property was not worth the amount loaned thereon.

The complaint shows a very certain loss to the trust estate, due to the breach of trust on the part of the Columbia Savings Bank & Trust Company, participated in by the directors in the negligent discharge of their duties as supervisors of the affairs of the bank.

On February 1, 1927, the bank suspended business and was placed in the hands of a Receiver. Thereafter the plaintiff, South Carolina National Bank, was, by order of Court, substituted as trustee under the will of Edward Ehrlich, in place of the Columbia Savings Bank & Trust Company, and succeeded to the interest of that bank in the securities referred to. The Mutual Investment Company is insolvent.

The complaint seeks foreclosure of the mortgages and judgment against the directors of the Columbia Savings Bank & Trust Company for the deficiency, if any.

The complaint states two distinct causes of action, an action for foreclosure and an action in tort for damages against the directors, and clearly they should be separately stated. The cause of action for foreclosure contains a demand for the foreclosure of four distinct mortgages, each of which constitutes a cause of action; they should be separately stated. Code Civ. Proc., § 430.

While the complaint refers to the fact that there were three separate trust estates, it does not appear that any other than the estate of Edward Ehrlich is interested in the particular mortgages set out in the complaint, as the allegation is that the mortgages to the extent of $11,800 were transferred to the trustee of that estate.

The judgment of this Court is that the order appealed from be reversed, and the case remanded to the Circuit Court for further proceedings consistent herewith.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.